BEFORE THE UNITED STATES JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

In re:                                )
                                      )
    MT. GOX BITCOIN EXCHANGE           )     MDL No. 2829
    LITIGATION                         )
                                      )
_____)

TRANSCRIPT OF PROCEEDINGS BEFORE
SARAH S. VANCE (CHAIR), MARJORIE O. RENDELL,
CHARLES R. BREYER, ELLEN SEGAL HUVELLE,
R. DAVID PROCTOR AND CATHERINE D. PERRY
MEMBERS OF THE MDL JUDICIAL PANEL

**ORAL ARGUMENT**
Thursday, March 29, 2018

APPEARANCES OF COUNSEL:

    J. AARON LAWSON, Edelson PC, for Anthony Motto, et al.

    Jerome S. Fortinsky, Shearman & Sterling LLP, for Mizuho Bank, Ltd.

*Proceedings recorded by mechanical stenography
and computer-aided transcript produced by*
NICHOLAS A. MARRONE, RMR, CRR
1714 U. S. Courthouse
75 Ted Turner Drive, S.W.
Atlanta, GA  30303
(404) 215-1486

I N D E X

*Presentation by*                                                *Page*

*Mr. Lawson*                                                     *3*
*Mr. Fortinsky*                                                  *7*

```
 1                  Thursday Morning Session
 2                     March 29, 2018
 3                       10:48 a.m.
 4                        -- -- --
 5                   P R O C E E D I N G S
 6                        -- -- --
 7                     (In open court:)
 8           JUDGE VANCE:  Okay.  Next up, No. 2829, Mt. Gox
 9   Bitcoin Exchange Litigation.
10           Oh, no, you are moving for the Northern District of
11   Illinois.  Don't you want to be in the Northern District of
12   California?
13           MR. LAWSON:  Well, as you know, Illinois is
14   central, O'Hara is great.
15           JUDGE VANCE:  Yeah, yeah.  All right.
16           MR. LAWSON:  Good morning, Your Honors.
17   Aaron Lawson on behalf of Anthony Motto.
18           The nub of our pitch for centralization is
19   two-fold, and it is pretty simple.
20           First, absent centralization in short order,
21   judges across the country are going to be retracing
22   Judge Feinerman's steps, and we would like to avoid that
23   inefficient use --
24           JUDGE PERRY:  So are you just saying that in every
25   case like where -- so what happened in your case is you filed
```

```
 1    Greene and then they dismissed the out-of-state plaintiffs;
 2    right?
 3              MR. LAWSON:  Yes.
 4              JUDGE PERRY:  Because of Bristol-Myers Squibb?
 5              MR. LAWSON:  Right.
 6              JUDGE PERRY:  And so are you going to file fifty
 7    cases around the country and ask for -- so MDL is just a
 8    work-around for Bristol-Myers?
 9              MR. LAWSON:  Essentially, yes.  Right?
10              Justice Sotomayor in her dissent noted that
11    Bristol-Myers was probably going to effect a sea change in
12    how we manage class actions, and I think this is probably one
13    of the things she was thinking about.
14              So in our case we think nationwide certification is
15    possible because of the common nucleus effect that is driving
16    the claims, but --
17              JUDGE VANCE:  You have got only five cases.  One of
18    them has all the discovery done; right?
19              MR. LAWSON:  Right.
20              JUDGE VANCE:  You have got the same lawyers in all
21    of them.
22              MR. LAWSON:  Right.
23              JUDGE VANCE:  And the defendants are agreeing to
24    coordinate discovery.
25              MR. LAWSON:  Yes.
```

```
1              JUDGE VANCE:  So why do we need an MDL?
2              MR. LAWSON:  So in this case, this is the kind of
3    case in which you might ordinarily be thinking about
4    subclassing and whatnot.  That's probably off the table.
5    It's incredibly dicey given *Bristol-Myers* and the position we
6    are in there.
7              So we are going to have to think hard about how to
8    coordinate sort of the class certification requests.  Let's
9    assume they are granted, how to coordinate them so we don't
10   have overlapping classes, so that everyone who can be
11   represented is adequately represented.
12             That's something that is going to be I think
13   incredibly difficult if we are --
14             JUDGE RENDELL:  But fact discovery has occurred.
15             MR. LAWSON:  Yes.
16             JUDGE RENDELL:  Correct?
17             MR. LAWSON:  Yes.
18             JUDGE RENDELL:  Isn't that really why we
19   centralize, so that we can coordinate fact discovery?
20             MR. LAWSON:  I concede that this is an unusual
21   request along those lines.
22             JUDGE PERRY:  What you are saying is it's not going
23   to be unusual.  We are going to be getting this every time a
24   judge dismisses out-of-state plaintiffs in a nationwide
25   class; right?
```

1    MR. LAWSON: Well, until people on my side of the V
2    start filing in its own districts, yes, you are probably
3    going to see a few of the cases.
4    JUDGE VANCE: But the *Greene* case has been around
5    for four years; right?
6    MR. LAWSON: Right, right.
7    JUDGE VANCE: You still only have five cases?
8    MR. LAWSON: We actually have six. There was
9    another one that was filed yesterday in Virginia. The notice
10   of related action should be on file later today.
11   So there are six now. I think there are a couple
12   of others that --
13   JUDGE HUVELLE: Are they all brought by your firm?
14   MR. LAWSON: Yes. We are the only ones certifiable
15   enough to bring these.
16   JUDGE HUVELLE: So are you --
17   JUDGE VANCE: So you are choosing to be in all of
18   these places.
19   MR. LAWSON: Well, we are where we are by virtue of
20   who is willing to step up and be a class representative.
21   JUDGE BREYER: You are not going to file in the
22   Northern District of California, are you?
23   MR. LAWSON: As a San Franciscan, I would love to
24   file in the Northern District of California, but we have not
25   had anyone step forward there yet.

1      JUDGE BREYER:  I'm surprised.
2      MR. LAWSON:  I am too.
3      JUDGE BREYER:  I am too.
4      JUDGE VANCE:  I'm sure we can fix that.
5      MR. LAWSON:  Yeah.
6      JUDGE VANCE:  All right.  Thank you, sir.  I think
7  we have your argument.
8      Next up is Mr. Fortinsky for Mizuho?
9      MR. FORTINSKY:  That's right, Your Honor.
10     May it please the Court, I have four quick points
11  I would like to make, especially in light of the new cases
12  that are filed.
13     JUDGE PERRY:  Can I ask you a question first?
14     So is there any district in the country where your
15  client would not move to exclude out-of-state plaintiffs;
16  right?  I mean, where is your client at home?
17     MR. FORTINSKY:  Our client is at home in Japan.
18     JUDGE PERRY:  Right.  So basically your client is
19  saying, you know, in every nationwide class, if there are
20  out-of-state reps, we are going to move to dismiss all of
21  those, so it's just going to be whatever district it was --
22  whatever state it was filed in?
23     MR. FORTINSKY:  In effect, we already filed and won
24  that motion based on *Bristol-Myers Squibb,* and as Your Honor
25  pointed out --

```
 1            JUDGE VANCE:  As to the named plaintiffs or as to
 2    unnamed plaintiffs?
 3            MR. FORTINSKY:  As to the named plaintiffs, that's
 4    right.
 5            JUDGE VANCE:  All right.  Go ahead.
 6            JUDGE HUVELLE:  But is there not a possibility
 7    consistent with Bristol-Myers to coordinate nothing but
 8    pretrial?
 9            MR. FORTINSKY:  Well, we have already had discovery
10    in the Greene case which is usable in the other two cases,
11    California and Pennsylvania, that were pending at the time --
12    at the time this motion was filed.
13            JUDGE HUVELLE:  Is Greene ready for trial?
14            MR. FORTINSKY:  No.  Fact and expert discovery are
15    done.  There is a pending motion for class cert, and then we
16    are going to file a motion for summary judgment.
17            JUDGE VANCE:  So what was the nature of the
18    discovery against the bank?  Was it complicated?
19            MR. FORTINSKY:  The plaintiffs filed a
20    30(b)(6) -- sought 30(b)(6) deposition of the bank, and,
21    you know, various other document discovery, some other
22    things.
23            JUDGE VANCE:  And that was it?
24            MR. FORTINSKY:  I think that was the essence of
25    it.  I'm not sure.
```

```
 1              JUDGE VANCE:  It doesn't sound like a ton of
 2   discovery.
 3              MR. FORTINSKY:  Well, we provided all the
 4   discovery we were asked for.  There was various written
 5   discovery.
 6              JUDGE VANCE:  That wasn't -- my observation goes to
 7   it seems like it would be easy to provide that to these other
 8   cases --
 9              MR. FORTINSKY:  That's true.
10              JUDGE VANCE:  -- since it doesn't sound like there
11   was that much involved.
12              MR. FORTINSKY:  That's right.  We would be happy to
13   do that.  We are happy to coordinate.
14              And here you have -- this is a very unusual case
15   where in addition to the *Bristol-Myers Squibb* factors, and
16   maybe because of it, this is a bilateral dispute.
17              Everything we have heard this morning in most of
18   the Panel's cases, there is lots of parties that needs to be
19   coordinated.  This is the same, this is essentially a
20   bilateral dispute, and there is no need to do anything but
21   coordinate, as has been done in other cases, between
22   competing -- between the counsel on both sides.  It's the
23   same counsel in all of these cases.
24              I have very limited time.  I would just like to
25   make a couple of quick points in light of the new cases.
```

1  Quickly, the filing of these new cases is a basis
2  to deny the motion, additional basis to deny the motion, not
3  grant it.
4  For one thing, these are new plaintiffs, and
5  therefore we would have to take discovery from them, and that
6  would further slow down the progress of the Illinois case.
7  They should -- the Illinois case after four years should not
8  be further slowed down.
9  And in addition, there are various cases that say
10 that this Panel has viewed with disfavor the filing by the
11 same counsel right before the motion is heard of additional
12 cases and has viewed that as gamesmanship, and that further
13 argues against centralization.
14 The other thing I would like to add in light of the
15 new cases is that essentially these cases are being sought
16 for an improper purpose, which is to say to avoid the impact
17 of the Supreme Court's *Bristol-Myers Squibb* ruling and to
18 avoid a likely adverse ruling on personal jurisdiction in
19 other states.
20 They are seeking to transfer their own cases.
21 They are not seeking to transfer other people's cases.
22 They are seeking to transfer cases that they themselves
23 brought in all of these districts around the country
24 because that is what the Supreme Court said they had to
25 do.

```
 1              This Panel should not set up a system, as
 2    Judge Perry was suggesting, in which, in effect, this Panel
 3    has superseded its judgment for the Supreme Court's.
 4              JUDGE VANCE:  Thank you, sir.
 5                  (Proceedings adjourn at 10:55 a.m.)
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

# C E R T I F I C A T E

1
2
3  UNITED STATES OF AMERICA     :
                                :
4  NORTHERN DISTRICT OF GEORGIA :
5
6         I, Nicholas A. Marrone, RMR, CRR, Official Court Reporter of the United States District Court for the Northern District of Georgia, do hereby certify that the foregoing 11 pages constitute a true transcript of proceedings had before the said Court, held in the city of Atlanta, Georgia, in the matter therein stated.

   In testimony whereof, I hereunto set my hand on this, the 30th day of March, 2018.


                    /s/ Nicholas A. Marrone
                    _____
                    NICHOLAS A. MARRONE, RMR, CRR
                    Registered Merit Reporter
                    Certified Realtime Reporter
                    Official Court Reporter
                    Northern District of Georgia